ZINTER, Justice
(concurring).
[¶ 22.] I concur that the lack of verification or affidavit procedurally defaulted Elliott whether he sought certiorari or mandamus.[3] I would add that to the extent Elliott alternatively contended that this was an appeal from a “county commission decision” to the circuit court under SDCL 7-8-28, that appeal was not author *291 ized. In re Yankton County Com’n, 2003 SD 109, ¶ 21, 670 N.W.2d 34, 41.
[¶ 23.] Ultimately, the Lake County zoning official was the only entity authorized to act on the request for the building permit. Because that official failed to act, Elliott’s remedy at the time was to appeal to the Board of Adjustment under SDCL 11-2-55, and if not satisfied, to seek certio-rari before the circuit court under SDCL 11-2-61 and 11-2-62. Elliott could also have sought mandamus under SDCL 11-2-35 to force the zoning official to act. However, Elliott did not complete any of these avenues of review in a timely manner.
[¶ 24.] Instead, Elliott commenced this case by an unverified October 2002 Petition, claiming that on August 24, 2001, he had filed an appeal to the Board of Adjustment (the county commission acting as the board of adjustment) and a petition for mandamus. However, the 2001 appeal and the petition for mandamus were part of a separate suit that appears to have been abandoned, and therefore, those requests for review are not before us.
[¶ 25.] Consequently, Elliott seeks to resurrect the 2001 appeal to the Board of Adjustment and the petition for mandamus by referencing them in this current action. Elliott also argues that he should have been entitled to amend his 2002 pleadings to incorporate the 2001 action or to consolidate it with the current action. These requests were denied by the circuit court, and Elliott has not appealed that decision. Therefore, the 2001 appeal and petition are not reviewable by this Court as a part of the 2002 action.
[¶ 26.] Ultimately, even if the 2001 pleadings were incorporated into the 2002 action, as the Court explains, the circuit court properly declined to exercise jurisdiction because Elliott’s 2002 petition was not verified or accompanied by affidavit. Therefore, the circuit court correctly ruled that it could not entertain the current action.

. In the hearing before the circuit court, the Board contended that the form and content of Elliott’s October 10, 2002 Petition was insufficient for certiorari or mandamus relief. Therefore, this issue has been preserved for appellate review.